JUSTICE RICE,
concurring.
|60 I agree with the result reached by the Court but not all that is said in the Opinion, as I understand it.
¶61 In my view, Spencer, see Opinion, ¶ 32, is weak authority for our holding here, as that case involved the lost opportunity to pursue a statutory postconviction relief proceeding, not a tort action that is subject to the testing of summary judgment. While Spencer supports the notion that a loss of opportunity can be an injury, the opportunity to file a postconviction relief petition is very different from “the possibility of a successful outcome in the underlying medical malpractice action,” or “possible recovery through pretrial settlement.” Opinion, ¶ 31. These are tort action remedies and, in my view, these lost opportunities arise only if it is established that the underlying medical case (the “suit within the suit”) would have been able to survive summary judgment. That requires an analysis of whether duty, breach, causation, and damages would have been established satisfactorily under summary judgment standards. Carey’s admission of duty and breach alone did not cause the lost opportunity for a successful outcome in the medical malpractice action. Rather, Carey’s breach only caused the loss of opportunity to timely file and proceed with the medical malpractice action-which would then have been subject to summary judgment testing on its merits. Until so tested, Labairs’ medical malpractice claim may very well have been “valueless.” Opinion, ¶ 33. Thus, I would not conclude that Carey’s breach of duty alone established causation as a matter of law in the present legal case. Opinion, ¶ 36.[1]
*475 ¶62 However, I agree that Labairs have here demonstrated by expert testimony that they had a viable medical malpractice claim (duty, breach, causation, and damages) that would have survived summary judgment in the underlying medical malpractice case. That being so, they also established causation in the current legal malpractice case because they lost the opportunity to try their medical malpractice case to a verdict. Thus, they have earned the opportunity to convince a jury in the legal case that Carey caused their damages and the amount of those damages.
¶63 I concur.

 I would not conclude that loss of settlement potential is a stand-alone lost opportunity. See Opinion, ¶¶ 31,34,39. There is no “right” to a settlement, which is an extra-judicial action of the parties taken for any number of reasons, some of which are *475 completely unrelated to a claim’s legal validity.